UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

DANIELLE HOLLENSHADE, individually,
    Plaintiff,

v.

VENGROFF WILLIAMS, INC.,                  **JURY DEMAND**
a Florida corporation,
    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1. Plaintiff DANIELLE HOLLENSHADE alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), against Defendant VENGROFF WILLIAMS, INC. Plaintiff alleges that Defendant incessantly and unlawfully called Plaintiff's cellular telephone using an automatic telephone dialing system (i.e. "auto-dialer") and a pre-recorded or artificial voice.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k as this is a civil action arising under the laws of the United States.

3. This Court has personal jurisdiction over the Defendant because the telephone calls and letters forming the basis of this action were sent by the Defendant into this District, and because Defendant conducts business in this District by regularly placing telephone calls, sending mail, and transacting with alleged debtors in this District.

4. Venue in this District is proper because the Plaintiff resides here and received telephone calls from Defendant within this District.

## PARTIES

5. Plaintiff DANIELLE HOLLENSHADE is a natural person and a citizen of the State of Florida, residing in Broward County, Florida. Said Plaintiff is the sole owner, possessor, subscriber, and operator of the cellular telephone and number that Defendant was calling.

6. Defendant VENGROFF WILLIAMS, INC. ("Vengroff Williams") is a debt collector that uses, among other things, an automated telephone dialing system to engage in debt collection and operates from offices located at 8440 North Tamiami Trail Sarasota, FL 34243; Plaintiff further alleges that Vengroff Williams is a citizen of the State of Florida.

7. Defendant regularly collects or attempts to collect consumer debts for other persons.

8. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. In December 2012, the Plaintiff allegedly incurred a consumer debt to Bostwick Laboratories for services provided in connection with personal medical care.

10. Plaintiff allegedly defaulted on this debt.

11. In May 2013, Bostwick Laboratories engaged the services of Defendant Vengroff Williams to attempt to collect the consumer debt from Plaintiff.

12. On May 4, 2013, Vengroff Williams sent the Plaintiff a dunning letter advising that it had been engaged to collect the balance owing to Bostwick Laboratories. A true and correct copy of this dunning letter is attached hereto as Exhibit A.

13. This was the first written communication sent to the Plaintiff by Vengroff Williams.

14. This letter did not contain the disclosures required by sections 1692g(a)(3)-(5) of the FDPCA. § 1692g(a).

15. Eleven days later, on May 15 2013, Vengroff Williams sent the Plaintiff a second letter, again advising that it had been engaged to collect the balance owing to Bostwick Laboratories. A true and correct copy of this second dunning letter is attached hereto as <u>Exhibit B</u>.

16. This letter was the second written communication sent to the Plaintiff by Vengroff Williams.

17. This letter appeared to contain the disclosures required by the FDCPA.

18. Vengroff Williams subsequently discovered the Plaintiff's cellular telephone number and began placing automated telephone collection calls to her.

19. Upon answering any of these calls, the Plaintiff was always met by an identical prerecorded message transcribed as follows:

> Message for Danielle Hollenshade. If you are not Danielle Hollenshade, please hang up. There will be a short pause to protect your privacy. This message should be listened to in private if you are Danielle Hollenshade. There will now be an additional pause to protect your privacy. This is Vengroff Williams, Inc., a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please call us at 800-860-4892 regarding reference number [REDACTED].

20. Upon returning any of these telephone calls, the caller advised that the call was made by Vengroff Williams to collect the balance allegedly owed to Bostwick Laboratories.

21. The Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system. See <u>In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008</u>, 23 F.C.C.R. 559, 565-66 (2008); <u>In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991</u>, 18 F.C.C.R. 14014, 14091-92 (2003).

22. In sum, the Defendant made telephone calls to Plaintiff's cellular telephone, each of which was made using an automatic telephone dialing system or an artificial or pre-recorded voice.

23. Defendant made the aforementioned telephone calls knowing that they were using an automatic telephone dialing system or an artificial or prerecorded voice to call a cellular telephone, and further knew that such calls were in violation of the TCPA, and consequently, these violations were willful and knowing.

## COUNT I
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff incorporates paragraphs 1 through 23 herein.

25. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiff DANIELLE HOLLENSHADE, requests that the Court enter judgment in favor of Plaintiff and against Defendant VENGROFF WILLIAMS, INC. for:

  a. $500 dollars in statutory damages for each violation of the TCPA over the last four years;

  b. $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

  c. a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice;

  e. litigation expenses and costs of the instant suit; and

  f. such other or further relief as the Court deems proper.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff incorporates paragraphs 1 through 23 herein.

27. Defendant violated 15 U.S.C. § 1692g(a) of the Fair Debt Collection Practices Act by failing to send the Plaintiff a written notice within five days after the initial communication stating that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector, as required by 15 U.S.C. § 1692g(a)(3).

28. Defendant violated 15 U.S.C. § 1692g(a) of the Fair Debt Collection Practices Act by failing to send the Plaintiff a written notice within five days after the initial communication stating that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector, as required by 15 U.S.C. § 1692g(a)(4).

29. Defendant violated 15 U.S.C. § 1692g(a) of the Fair Debt Collection Practices Act by failing to send the Plaintiff a written notice within five days after the initial communication stating that upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor, as required by 15 U.S.C. § 1692g(a)(5).

30. Defendant violated the TCPA by placing telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial

5

or prerecorded voice. These actions further violated the Plaintiff's rights under the FDCPA pursuant to 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5). See <u>Clark v. Weltman, Weinberg & Reis, Co., L.P.A.</u>, 2010 WL 2803975, at *2 (S.D. Fla. July 15, 2010) (holding that allegations which support a cause of action under the TCPA may also support a violation of the FDCPA).

WHEREFORE, Plaintiff DANIELLE HOLLENSHADE, requests that the Court enter judgment in favor of Plaintiff and against Defendant VENGROFF WILLIAMS, INC. for:

a. actual damages;

b. statutory damages of $1,000.00;

c. attorney's fees, litigation expenses, and costs of the instant suit, and;

d. such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 17th day of October, 2013.

                BRET L. LUSSKIN, Esq.
                *Attorney for Plaintiff*
                20803 Biscayne Blvd., Ste 302
                Aventura, Florida 33180
                Telephone: (954) 454-5841
                Facsimile: (954) 454-5844
                blusskin@lusskinlaw.com

        By: <u>/s/ Bret L. Lusskin, Esq.</u>
              Bret L. Lusskin, Esq.
              Florida Bar No. 28069